## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| *LINDA PENKUL o/b/o ROSALINA* | ) | |
| *PENKUL,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:14-cv-00156-GZS* |
| | ) | |
| *CAROLYN W. COLVIN, Acting* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

## RECOMMENDED DECISION ON DEFENDANT'S MOTION TO DISMISS

The plaintiff, Linda Penkul, appearing *pro se*, asks the court to order the defendant to "acknowledge" her appointment, apparently as representative of Rosalina Penkul, her daughter; to "disclose all records pertinent to the recovery of the confiscated tax refund and acquisition of Overpayment Waiver"; to return to her an "intercepted" tax refund; and to "[d]iscontinue future benefits due to the recipient[']s wish to [e]mancipate." Motion to file a complaint for non-recognition of Authorized Representative Status per form SSA 1696-U4 relating to, but not limited to an application for "Waiver of Overpayment" SSA-432 BK, and non-notification of Advocacy expiration POMS; GN-03910.040,B §3, POMS; GN[-]03910.060, §3, §5, §6 ("Complaint") (ECF No. 1) at 9. The defendant has moved to dismiss the action as untimely and for failure to exhaust administrative remedies. Defendant's Motion to Dismiss (ECF No. 16). I recommend that the court grant the motion in part.

# I.    Factual Background

Rosalina Penkul received auxiliary Social Security benefits through her father from April 2008 through August 2010.  [Affidavit of Carol A. Rozen ("Rozen Aff.")] (ECF No. 16-1) ¶ [7]. She was paid Supplemental Security Income benefits from February 2011 through September 2012, a total of $13,357.26, although her disability was determined to have ended in February 2011.  *Id*. [¶ 8].  These payments were apparently conditioned upon her signed agreement that payments to her would continue during the appeal process that she had initiated with respect to her application for Disability Insurance benefits (alleging disability as of the date that her SSI benefits through her father ceased, when she reached the age of 18), on the understanding that she would be asked to repay the benefits if her appeal were denied.  ECF No. 23-1 at [3].  Her appeal was finally denied on August 20, 2013.  ECF No. 6-8, at 9-11.  A notice of overpayment was sent to Rosalina Penkul on November 15, 2012.  Rozen Aff. at [¶8].  On February 24, 2014, the plaintiff submitted a Request for Waiver of Overpayment Recovery.  *Id*. at [¶9].  The plaintiff was informed, via letter dated August 26, 2014,[1] that the request could not be approved, ECF No. 23-1, some four months after the plaintiff filed this court action on April 11, 2014.  ECF No. 1.

# II.    Discussion

To the extent that the plaintiff is the proper person to bring this action, which the complaint states is brought only on behalf of Rosalina Penkul, who is an adult,[2] Rozen Aff. ¶ [6], and to the extent that she seeks an order directing the defendant to issue the requested waiver of the

---

[1] Some of the documents submitted by the parties list Rosalina Penkul as the applicant and the plaintiff, Linda Penkul, mother of Rosalina, as Rosalina's representative; others are addressed directly to Linda Penkul.

[2] A person who is not an attorney may represent a claimant before the Social Security Administration, but may not represent another person in a court action.  *See American Contractors Indem. Co. v. Bill Whorff, Inc*., No. 2:10-cv-434-DBH, 2012 WL 893076, at *1 (D. Me. Mar. 14, 2012) ("A parent who is not a licensed attorney may not represent her child in a civil action[.]").

overpayment to Rosalina Penkul, the defendant correctly points out that Rosalina Penkul has not yet exhausted her administrative remedies with respect to this claim. Defendant's Memorandum in Support of Motion to Dismiss ("Motion") (ECF No. 16) at 4-6. The August 2014 letter submitted by the plaintiff schedules a personal conference on the application for waiver for September 11, 2014. ECF No. 23-1 at [2]. The result of this conference would be the "initial determination" that is defined in the applicable regulation, 20 C.F.R. § 416.1402(c). If that determination were a denial, the next step in the administrative process would be a request for reconsideration. 20 C.F.R. § 416.1407. There are additional administrative review procedures that must be completed before the defendant's denial, if such it ultimately is, can be considered its final determination. Only a final determination is subject to judicial review. 42 U.S.C. § 405(g);[3] 20 C.F.R. § 416.1400(a)(5); *see Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000). A court action based on an application that has not yet been finally determined must be dismissed for failure to exhaust administrative remedies. *See, e.g., Reedom v. Social Sec. Admin. Comm'r*, No. 2:13-cv-00308-JAW, 2013 WL 5960861, at *2 (D. Me. Nov. 7, 2013); *Strong v. Social Sec. Admin. Comm'r*, No. 2:10-cv-00427-GZS, 2011 WL 5354042, at *3 (D. Me. Jan. 26, 2011).

The plaintiff also seeks relief for herself, in that she seeks an order directing the defendant to recognize her appointment as the representative of Rosalina Penkul. Complaint at 9. Refusing to recognize a person as a particular claimant's representative in any proceeding before the Social Security Administration is not subject to judicial review. 20 C.F.R. § 416.1403(a)(7).

---

[3] Subsection (h) of 42 U.S.C. § 405 prohibits any action against the United States or the Commissioner of Social Security under 28 U.S.C. §§ 1331 or 1346, and limits judicial review of decisions made by the Commissioner of Social Security to the procedure discussed in the body of this recommended decision.

Unlike the defendant, Motion at 6-7, I do not read the complaint to seek review of the defendant's August 20, 2013, denial of Rosalina Penkul's application for disability insurance benefits.  Complaint at 9.  In any event, any such claim would be time-barred under 42 U.S.C. § 405(g), which requires that judicial review of the commissioner's final determinations be filed within 60 days after receipt of notice of that determination.  *See also Strong*, 2011 WL 534042, at *2.  Receipt is presumed to occur five days after the date of the notice.  20 C.F.R. § 422.210(c).

The complaint does seek recovery of a tax refund apparently due Rosalina Penkul that the plaintiff alleges was "confiscated," apparently to offset the overpayment.  Complaint at 2, 9.  The motion to dismiss does not address this claim.  To the extent that the copy of the notice from the Department of the Treasury concerning the application of Rosalina Penkul's tax refund to her overpayment debt to the defendant is legible, it appears that she has taken the action directed by the letter.  ECF No. 6-3 at 2.  That action is a letter of objection to the Social Security Administration dated February 24, 2014.  *Id*. at 3-4.  On the minimal showing made, and in the absence of any information or argument from the defendant, I cannot recommend that this claim be dismissed.

### III.    Conclusion

For the foregoing reasons, I recommend that the defendant's motion to dismiss be **DENIED** as to any claim arising from the payment of all or any portion of a federal tax refund otherwise due to Rosalinda Penkul to the Social Security Administration, and otherwise **GRANTED**. I also recommend, however, that the court require Linda Penkul, in any further filings with the court in this matter, to demonstrate that she has authority to represent Rosalinda Penkul before this court.

### *NOTICE*

     *A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

     *Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of November, 2014.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge