## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| LINDA PENKUL o/b/o ROSALINA PENKUL, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 2:14-cv-156-GZS |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant | ) | |

### MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR LEAVE TO REPRESENT HER ADULT DAUGHTER

In his order dated December 29, 2014, Judge Singal, the presiding judge in this case, ordered Linda Penkul, who has presented herself throughout this action as representing her adult daughter, Rosalina Penkul, to demonstrate that she has authority to represent Rosalina Penkul "should she make future filings with this Court."  Order Affirming the Recommended Decision of the Magistrate Judge (ECF No. 34) at 2.  Linda Penkul then filed a document entitled "Plaintiff's Answer to Defendant's Response to Disallow Complainant's Representation" ("Motion") (ECF No. 35), which the court has treated as a motion for leave to represent Rosalina Penkul, her adult daughter, the real party in interest in this action.[1]  For the reasons that follow, Linda Penkul's motion for leave to represent her adult daughter is denied.

---

[1] Since filing this document, Linda Penkul has also file a letter conveying to the court copies of documents issued by the Social Security Administration concerning her daughter's request for a waiver of recoupment of an overpayment made to her (ECF No. 37); a document entitled "Motion to update case file: Social Security's return of tax refund monies to Plaintiff" (ECF No. 40), to which the defendant filed an opposition (ECF No. 41); and a "Motion to request Relief by means of 'return of tax refund monies' to defendant that was confiscated by the Social Security Offset program before the Overpayment Waiver determination was granted" (ECF No. 43).  In light of today's order denying

1

**Discussion**

In the Motion, Linda Penkul represents that Rosalina Penkul cannot afford to hire an attorney and that "attorneys that work for Pine Tree Legal Services as well as other legal service aid programs are not available and, or unwilling to represent her in this matter." Motion at 1. She also asserts that she "has litigated many cases [*pro se*]," that she is the "Authorized Representative" of her daughter, that she is "in training to become an attorney" (although not, apparently, yet enrolled in law school), and has been "courteous, timely, respectful, and completely articulate towards the Federal Rules of Civil Procedure." *Id*. at 1-2. Without citation to authority, she states that "[t]o deny [her daughter] the right to representation from this authorized agent at this stage of the procedures would not only be unfair it would be unlawful." *Id*. at 3.

Unfortunately, allowing Linda Penkul to represent her adult daughter in this action is the act that would be unlawful. The legal principle that a parent who is not a licensed attorney may not represent her child, whether a minor or an adult, in a civil action in federal court has long been recognized in this court, *see, e.g., Austin v. Town of Dexter*, 552 F.Supp.2d 38, 39 (D. Me. 2008), and by binding precedents from the First Circuit Court of Appeals, *e.g., O'Diah v. Volkswagen of Am., Inc.*, 91 Fed. App'x 159, 160, 2004 WL 67331 at **1 (1st Cir. 2004). None of the reasons proffered by Linda Penkul allows this, or any other federal court, to override that principle. *See, e.g., Clauden v. Commissioner of Soc. Sec.*, No. 4:10CV00034, 2011 WL 2003445 at *1 (W.D. Va. May 24, 2011) (listing the "vast majority" of circuit courts of appeal that had held that non-attorney parents may not litigate the claims of their minor children in court). The same is true for parents of adult children. *E.g., Hickey v. Wellesley School Comm*., 14 F.3d 44 (table), 1993 WL 527964 at *2 n.1 (1st Cir. Dec. 21, 1993) (adult child may not be represented by parent).

---

Linda Penkul leave to represent her adult daughter, these two later motions, ECF Nos. 41 & 43, are ordered **STRICKEN.**

## Conclusion

Linda Penkul's motion for leave to represent Rosalina Penkul is **DENIED**. I recommend that, if Rosalina does not appear *pro se* and no attorney enters an appearance on her behalf within 30 days of the date of this decision, an order to show cause issue regarding why this action should not be dismissed.

Dated this 22nd day of May, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge