UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROSALINA PENKUL, | ) |
| | ) |
|     *Plaintiff* | ) |
| | ) |
| v. | ) |
| | )   No. 2:14-cv-156-GZS |
| CAROLYN W. COLVIN, *Acting* | ) |
| *Commissioner of Social Security,* | ) |
| | ) |
|     *Defendant* | ) |

*RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT*

The defendant, Carolyn W. Colvin, Acting Commissioner of Social Security, moves for summary judgment on the single remaining claim in this action. The plaintiff has not responded to the motion.[1] I recommend that the court grant the motion.

### I. Applicable Legal Standards

#### A. Federal Rule of Civil Procedure 56

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Ahmed v. Johnson*, 752 F.3d 490, 495 (1st Cir. 2014). "A dispute is genuine if 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." *Johnson v. University of P.R.*, 714 F.3d 48, 52 (1st Cir. 2013) (quoting *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)). "A fact is material if it has the potential of determining the outcome of the litigation." *Id*. (quoting *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

---

[1] When a plaintiff does not respond to a defendant's motion for summary judgment, the court must nonetheless consider the merits of the motion. *E.g., United States v. JMG Excavating & Constr. Co.*, No. 03-134-P-S, 2004 WL 1592134, at *3 (D. Me. July 16, 2004).

1

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Johnson,* 714 F.3d at 52. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007) (quoting *Clifford v. Barnhart,* 449 F.3d 276, 280 (1st Cir. 2006) (emphasis omitted)); Fed. R. Civ. P. 56(c). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

### B.  Local Rule 56

The evidence that the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the local rules of this district. *See* Loc. R. 56. The moving party must first file a statement of material facts that it claims are not in dispute. *See* Loc. R. 56(b). Each fact must be set forth in a numbered paragraph and supported by a specific record citation. *See id*. The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]" Loc. R. 56(c). The nonmovant likewise must support each denial or qualification with an appropriate record citation. *See id*. The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each supported by a specific record

citation. *See id.* The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement. *See* Loc. R. 56(d). Again, each denial or qualification must be supported by an appropriate record citation. *See id.*

Local Rule 56 directs that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Loc. R. 56(f). In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of fact." *Id.*; *see also, e.g., Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 5 (1st Cir. 2010); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]").

## II. Factual Background

The defendant's statement of material facts includes the following material facts, none of which are disputed by the plaintiff, properly supported by record citations.

The plaintiff received Supplemental Security Income (SSI) benefits from the Social Security Administration from April 2008 until the defendant determined in February 2011 that her disability had ceased. Defendant's Statement of Material Facts (SMF") (ECF No. 55) ¶ 1. From February 2011 through September 2012, the plaintiff continued to receive SSI benefits, resulting in an overpayment of $13,357.26. *Id.*

On November 15, 2012, the Social Security Administration sent a letter to the plaintiff notifying her of the overpayment.  *Id*. ¶ 2.  The notice stated that the plaintiff was required to refund the overpayment unless she asked for a waiver and/or an appeal of the overpayment determination, and explained how to take both actions.  *Id*.  On January 29, 2013, the Social Security Administration sent the plaintiff a billing statement reiterating that she owed $13,357.26.  *Id*. 3.  The billing statement informed that the plaintiff that, if she did not pay the amount due, the Social Security Administration could collect the money from a number of other sources, including her federal tax refund.  *Id*.

On May 10, 2013, the Social Security Administration mailed another billing statement to the plaintiff, reiterating that she owed $13,357.26 and that it could be collected from her federal tax refund.  *Id*. ¶ 4.  On May 17, 2013, the plaintiff's mother, Linda Penkul, wrote a letter requesting waiver of the overpayment, which the Social Security Administration received on May 21, 2013.  *Id*. ¶ 5.  On May 28, the Social Security Administration sent the plaintiff a letter informing her that she would need to fill out a waiver form herself.  *Id.* ¶ 6.  The letter enclosed a waiver form and requested a response by June 28, 2013, stating that the agency would expect repayment if no response was received by that date.  *Id*.  The Social Security Administration did not receive a response to the May 28, 2013, letter.  *Id*. ¶ 7.

On September 11, 2013, and November 21, 2013, the Social Security Administration again mailed billing statements to the plaintiff, reiterating that the plaintiff owed $13,357.26, and informing her that this debt could be collected from her federal tax refund.  *Id*. ¶ 8.  On February 12, 2014, the Department of the Treasury notified the plaintiff that it had applied her federal tax refund of $2,065 to offset the debt that she owed to the Social Security Administration.  *Id*. ¶ 9. The notice informed the plaintiff that she should contact the Social Security Administration if she

had any questions or believed that the collection of her refund was in error. *Id.* On February 24, 2014, the plaintiff sent the Social Security Administration a letter contesting the overpayment determination and the collection of her tax refund. *Id*. 10.

On February 25, 2014, the Social Security Administration confirmed receipt of the plaintiff's request for a waiver of her overpayment and informed her that it would not pursue further collection until a final decision was made on her request. *Id*. ¶ 11. It recounted the history of its letters and explained that the plaintiff would need to fill out and sign a form if she wanted her mother to represent her. *Id*.

On March 1, 2014, the plaintiff signed a form authorizing Linda Penkul as her representative. *Id*. ¶ 12. On April 11, 2014, the complaint was filed in this case. ECF No. 1.

### III. Discussion

The only remaining active claim in this action is "any claim arising from the payment of all or any portion of a federal tax refund otherwise due to Rosalina Penkul to the Social Security Administration[.]" Order Affirming the Recommended Decision of the Magistrate Judge (ECF No. 34) at 2.

The defendant contends that this court lacks jurisdiction over the plaintiff's remaining claim because the statute governing judicial review of actions by the Social Security Administration does not include collecting overpayments by offsetting federal income tax refunds as an action for which judicial review is available. Defendant's Memorandum in Support of Her Motion for Summary Judgment ("Motion") (beginning at page 4 of ECF No. 55) at 3-4. That statute provides, in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of

>   notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
>   * * *
>
>   (h) …No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

42 U.S.C. § 405(g) & (h).

The commissioner's regulations make clear that "[f]indings on whether we can collect an overpayment by using the Federal income tax refund offset procedure" are not subject to judicial review. 20 C.F.R. § 416.1403(a)(17). The only exception to this bar would be a viable claim of violation of the constitutional right of due process. *Coles v. Astrue*, No. 10-CV-4751 (JFB), 2012 WL 695849, at *4 (E.D.N.Y. Mar. 5, 2012); *see generally Torres v. Secretary of Health & Human Servs.*, 845 F.2d 1136, 1138 (1st Cir. 1988).

Assuming for the sake of argument that the plaintiff's complaint adequately raises a claim of violation of her right of due process under federal law, she nonetheless is not entitled to relief from this court. From all that appears in the undisputed factual record, she was offered all of the process that was due. The commissioner concedes that the plaintiff had a property interest in her tax refund. Motion at 5. However, she was notified of the possibility of an income tax offset and afforded an opportunity to be heard in a timely and meaningful manner, which she ignored until the offset occurred. SMF ¶¶ 2-9. It also appears that the plaintiff filed this action before the defendant had acted on the request for waiver that she filed at that time. *Id.* ¶¶ 10-11. The plaintiff has received all of the notice and opportunity to be heard that federal constitutional due process requires. *See, e.g., González-Droz v. González-Colón*, 660 F.3d 1, 13 (1st Cir. 2011); *Setlech v. United States*, 816 F. Supp. 161, 167 (E.D.N.Y. 1993) (mailing of single notice of intent to offset

debt against federal tax refund sufficient); *Glover v. Brady*, No. 92 Civ. 7686 (CSH), 1994 WL 509918, at *4 (S.D.N.Y. Sept. 16, 1994) (two mailed notices sufficient).

The defendant's actions also complied with the applicable federal regulation. *See* 20 C.F.R. § 416.581. There is no basis upon which the plaintiff is entitled to relief on a claim of violation of the federal constitutional guarantee of due process of law. *See Lewis v. Astrue*, No. 06-121-B-W, 2007 WL 2021912, at *5 (D. Me. July 11, 2007).

### IV. Conclusion

For the foregoing reasons, I recommend that the court grant the defendant's motion for summary judgment.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of December, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

7